| | |
|---|---|
| James B. Everts, | Civil No. 08-4690 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| United States Social Security Administration; Hennepin County Human Services and Public Health Department; Aviv Health Care, Inc.; Bryn Mawr Health Care Center; Beverly Seifert, an individual; Associated Clinic of Psychology; and James J. Prokop, | |
| Defendants. | |

James B. Everts, *Pro Se*, Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant United States Social Security Administration.

Jean E. Burdorf, Assistant Hennepin County Attorney, Hennepin County Attorney's Office, counsel for Defendants Hennepin County Human Services and Public Health Department and Beverly Seifert.

Thomas L. Skorczeski, Esq., Thomas L. Scorczeski, LLC, counsel for Defendants Aviv Health Care, Inc., and Bryn Mawr Health Care Center.

## INTRODUCTION

This matter is before the Court on Motions to Dismiss filed by Defendants United States Social Security Administration, Aviv Health Care, Inc., Bryn Mawr Health Care Center, Hennepin County Human Services and Public Health Department, and

Beverly Seifert.[1]  In his self-styled Amended Complaint, Plaintiff James B. Everts asserts causes of action for fraud, denial of due process, defamation, and false imprisonment. For the reasons set forth below, Defendants' motions are granted.

## BACKGROUND

Plaintinff Everts is a sixty-six-year-old man who currently resides at Bryn Mawr Health Care Center ("Bryn Mawr"), a nursing home facility in Minneapolis.  (Am. Compl. ¶¶ 1, 2.)  Bryn Mawr is apparently operated by Aviv Health Care, Inc. ("Aviv"), although the relationship between the two entities is not entirely clear.  Mr. Everts was admitted to Bryn Mawr on September 6, 2006, on a transfer assignment from Hennepin County Medical Center, where he was treated for a fractured humeral bone.  (*Id*. at ¶ 2.)  Mr. Everts asserts that he had no advance knowledge that he would be assigned to that facility and that he objected to being admitted to the facility on grounds that he could not afford the care.  (*Id*.)  Mr. Everts contends that officials from Bryn Mawr told him that his costs would be covered by insurance and that this representation turned out to be false.  (*Id*.)

In October 2006, Mr. Everts was involuntarily committed in Hennepin County District Court as chemically dependent pursuant to Minn. Stat. § 253B.02, subd. 2.  The Court found that Mr. Everts was "a chemically dependent person determined to be unable

---

[1] The Amended Complaint also contains allegations against James J. Prokop and the Associated Clinic of Psychology.  (Am. Compl. at ¶¶ 10-A – 10-F.)  There is no indication that these Defendants were ever served with the Amended Complaint (Doc. No. 49), and they have not made any appearance in this matter.  The time for service has long since passed.  Therefore, pursuant to Rule 4(m), the Court dismisses these Defendants without prejudice.

to manage his affairs by reason of habitual and excessive use of alcohol and prescription drugs." (Burdorf Aff. Ex. 1 at 1.) As a result, the Court committed Mr. Everts to Bryn Mawr. (*Id.*)

According to the Complaint, approximately two months after his admission to Bryn Mawr, Bryn Mawr's business manager demanded that Mr. Everts pay his account balance of more than $1,300 "at once." (Am. Compl. at ¶ 3.) Mr. Everts contends that after he told the business manager that he could not pay, the business manager told her superiors that Mr. Everts had "refused" to pay. (*Id.*) Mr. Everts asserts that just days later, Bryn Mawr and Aviv served him with written notice demanding payment and stating that Mr. Everts would be transferred to a state mental hospital if he continued to "refuse" to pay. (*Id.* at ¶ 4.)

Mr. Everts then alleges that in November or December 2006, Defendants Aviv and Bryn Mawr "conspired, collaborated[,] and acted in concert with Defendant Social Security and obtained an attachment, garnishment, or assignment of [Mr. Everts'] monthly social security [p]ayments which made those benefits payable to Defendants Aviv and/or Bryn Mawr." (*Id.* at ¶ 6.) Mr. Everts asserts that this was done without notice to him. (*Id.*) Further, Mr. Everts contends that he has attempted to resolve the matter, but that Bryn Mawr's administrator threatened that if Mr. Everts left Bryn Mawr, the administrator would have Mr. Everts arrested "by reporting to the police that [Mr. Everts] was mentally defective." (*Id.* at ¶ 7.)

Mr. Everts asserts that in early 2008, his case was referred to Hennepin County and its social worker, Defendant Beverly Seifert. (*Id.* at ¶ 8.) Ms. Seifert provides

3

long-term care consultation services for the County pursuant to Minn. Stat. § 256B.0911. Mr. Everts asserts that Ms. Seifert collaborated with Defendants Aviv and Bryn Mawr to keep Mr. Everts from leaving the facility. (*Id*. at ¶ 9.) Mr. Everts contends that Ms. Seifert set redundant or arbitrary goals for him to reach in order to be eligible to leave the facility. (*Id*.) He alleges that Ms. Seifert's failure to secure relocation funding for him has caused him to be unable to leave Bryn Mawr, effectively imprisoning him there.

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it

4

must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

**II.     Hennepin County Human Services and Public Health Department's and Beverly Seifert's Motion to Dismiss**

In their Motion to Dismiss, the Hennepin County Human Services and Public Health Department ("HSPHD") and Ms. Seifert (collectively, the "Hennepin County Defendants") contend that HSPHD is not a legal entity capable of being sued. Mr. Everts does not respond to this contention, apparently conceding the argument. In any case, HSPHD is a mere operating department of Hennepin County and, under Minnesota law, it is not capable of suing or being sued. *See State v. Civil Serv. Comm'n of City of Minneapolis*, 154 N.W.2d 192, 194 (Minn. 1967); *Undlin v. City of Minneapolis*, Civ. No. 08-1855, 2009 WL 703705, at *8 (D. Minn. Mar. 16, 2009) (Ericksen, J.) ("Further, as an operating department of Hennepin County, HCMC is not a legal entity capable of being sued."). Therefore, HSPHD is not a proper party to this lawsuit and must be dismissed.

Mr. Everts's claims against Seifert likewise fail. He contends that she wrongly denied him relocation funding that would have allowed him to move out of Bryn Mawr. This is the same claim Mr. Everts raised in his appeal to the Minnesota Department of Human Services ("DHS"). DHS denied Mr. Everts's claim, and Mr. Everts elected not to appeal that denial to Minnesota state court. Thus, the DHS decision became the final decision of the agency acting in a quasi-judicial capacity and is entitled to preclusive

5

effect in this Court. *See Northwestern Nat'l Life Ins. Co. v. County of Hennepin*, 572 N.W.2d 51, 53 (Minn. 1997) (Collateral estoppel prevents "parties to an action from relitigating in subsequent actions issues that were determined in the prior action."). In other words, because Mr. Everts had a full and fair opportunity to litigate his claims about the denial of relocation funding before the state agency, Mr. Everts cannot now bring a claim challenging that judgment in this Court.

Finally, Mr. Everts attempts to raise a false imprisonment claim against HSPHD and against Ms. Seifert. As noted above, HSPHD is not a proper party to this lawsuit and any claim against it must be dismissed. The allegations of false imprisonment as to Ms. Seifert are less than clear. Mr. Everts apparently believes that because Ms. Seifert recommended that Mr. Everts be denied relocation funding and because he has been unable to leave Bryn Mawr absent such relocation funding, Ms. Seifert's actions amount to false imprisonment.

To prove a claim of false imprisonment under Minnesota law, Mr. Everts must show that Ms. Seifert intentionally restricted his physical liberty by words or acts; that he was aware of her words or acts; and that the words or acts included the use of physical barriers, the use of physical force, or the threat of immediate use of physical force. 4A Minn. Civ. JIG 60.70. In addition, "the restriction must be complete." *Id.* Mr. Everts has not alleged that Ms. Seifert's words or actions included physically preventing Mr. Everts from leaving Bryn Mawr or erecting physical barriers to prevent him from doing so, or that she threatened physical force against Plaintiff if he left Bryn Mawr. Merely determining that Mr. Everts had already used his allocation of County funding is not false

imprisonment under Minnesota law. Mr. Everts has failed to state a claim on which relief can be granted as to HSPHD or Ms. Seifert.

### III. Commissioner of Social Security's Motion to Dismiss

The Court's review of decisions of the Social Security Administration ("SSA") is limited by statute. This statute provides that a person may ask a federal court to review a decision of the SSA only if that decision is a "final decision." 42 U.S.C. § 405(g). The statute is clear that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." *Id.* § 405(h).

Attached to the SSA's Motion is a copy of a letter sent to Mr. Everts on March 19, 2007. This letter informed Mr. Everts that Bryn Mawr would be receiving Mr. Everts's social security benefits. Mr. Everts did not ask for an appeal of this decision, and did not contact the SSA, either after receiving this letter or after receiving a letter in April 2007 saying that SSA would send Mr. Everts's benefits directly to Bryn Mawr. Mr. Everts contends that he did not receive any letters from SSA.

Whether or not Mr. Everts received the SSA's letters, he discovered at some point that Bryn Mawr was receiving his social security benefits. He could have, but did not, ask SSA to review the arrangement at that time. This Court simply does not have jurisdiction over Mr. Everts's claims because he has not given the SSA the opportunity to review those claims. All of his claims against SSA must be dismissed.

### IV. Aviv Defendants' Motion to Dismiss

Mr. Everts's claims against Aviv and Bryn Mawr (collectively, "Aviv Defendants") are claims of false imprisonment, defamation, and fraud.

#### A. False Imprisonment

As discussed previously, a claim of false imprisonment requires that defendants physically or through threats of physical violence imprison Mr. Everts, and that his imprisonment be complete. Mr. Everts has not established that he is not free to leave Bryn Mawr. Rather, he contends that he is unable to leave because he lacks the funds to do so. Thus, he is attempting to assert a claim for constructive false imprisonment: because Bryn Mawr receives his social security check, he cannot fund his departure from Bryn Mawr. (*See* Am. Compl. ¶ 11 (Defendant's actions "contributed to the constructive false imprisonment of Plaintiff.").)

Minnesota law does not recognize a cause of action for constructive false imprisonment. If Mr. Everts believes that Bryn Mawr should not receive his social security benefits, he should challenge that arrangement with the SSA. The facts alleged in the Complaint do not state a claim for false imprisonment.

#### B. Defamation

To state a claim for defamation, Mr. Everts must allege that a defendant made defamatory statements about him, that the statements were made to someone else (also known as "publication"), and that his reputation was harmed as a result. *See Weinberger v. Maplewood Review*, 668 N.W.2d 667, 673 (Minn. 2003). Mr. Everts's defamation claim contends that the Aviv Defendants "caused false and derogatory information to be

entered into and made a part of Mr. Everts's medical records" and that this information damaged Mr. Everts's ability to move out of Bryn Mawr. (Compl. ¶ 11.) He does not specify the allegedly false and derogatory information, asking the Court to assume that such information was indeed put in his medical records because he has been unable to move out of Bryn Mawr.

Mr. Everts's Complaint fails to state a claim for defamation. He must allege with more specificity the defamatory statements he contends were made and to whom they were made. Without more specificity, the Aviv Defendants cannot formulate an answer. Thus, Mr. Everts's defamation claim must be dismissed.

### C. Fraud

Mr. Everts alleges that he told Bryn Mawr when he was first admitted that he could not afford care at Bryn Mawr. At that time, "Officials of Defendant Bryn Mawr assured Plaintiff that the costs would be covered by Plaintiff's insurance, which representation turned out to be false and constitutes fraud by Defendant because Defendants Bryn Mawr and Aviv knew or should have known that this claim was false." (Am. Compl. ¶ 2.)

Rule 9(b) requires that allegations of fraud be pled with particularity: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this burden, the Amended Complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir.

2002). This specificity is required "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citations and quotations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* (quoting *Schaller*, 298 F.3d at 746).

Mr. Everts's allegations do not satisfy the requirements of Rule 9(b). Although he has alleged the time, place, and contents of the alleged fraud, he does not specify who made the allegedly fraudulent statements. Thus, the Aviv Defendants cannot effectively respond to the allegations.

Mr. Everts's fraud allegations will be dismissed without prejudice, to allow him to re-plead these allegations should he have sufficient information to do so. *See Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (noting that district court dismissed fraud claims without prejudice for failure to comply with Rule 9(b)). Because Mr. Everts has failed to raise any federal claim, however, he should be cautioned that a fraud claim, should one exist in this case, must be brought in state court. Absent a federal claim, this Court has no jurisdiction over a state-law cause of action such as fraud.

## CONCLUSION

The Court is sympathetic to Mr. Everts's plight.[2] He believes that he cannot leave Bryn Mawr without financial assistance and that he cannot secure that financial

---

[2] At the Court's request, attorney Steve Rau, who is a member in good standing of the Federal Bar, has been assisting Mr. Everts in a *pro bono* capacity in trying to address the Social Security payee issue, as well as his housing situation. The Court wishes to thank Mr. Rau for his efforts in this matter.

10

assistance without the Court's intervention. However, because Mr. Everts has not attempted to proceed through administrative channels to, for example, change the payee for his social security benefits, he does not have any claim over which this Court has jurisdiction.

Based on the Court's review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendants Hennepin County Human Services and Public Health Department's and Beverly Seifert's Motion to Dismiss (Doc. No. 9) is **GRANTED**.

2. Defendant Commissioner of Social Security's Motion to Dismiss (Doc. No. 20) is **GRANTED**.

3. Defendants Aviv Health Care, Inc.'s and Bryn Mawr Health Care Center's Motion to Dismiss (Doc. No. 12) is **GRANTED**.

4. Defendants James J. Prokop and Associated Clinic of Psychology are **DISMISSED WITHOUT PREJUDICE**.

5. The remainder of the case is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 18, 2009          s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Court Judge